UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| GUY MORIN, Individually and on behalf of all others similarly situated, | § § § Civil Action No. _____ § |
| Plaintiffs | § JURY TRIAL DEMANDED § |
| v. | § COLLECTIVE ACTION § PURSUANT TO 29 U.S.C § 216(b) |
| AMERICAN SERVICES, INC. and AMERICAN SECURITY OF GREENVILLE, LLC, | § § § CLASS ACTION PURSUANT TO |
| Defendants, | § FED. R. CIV. P. 23 § |

## CLASS/COLLECTIVE ACTION COMPLAINT

Plaintiff, Guy Morin, individually and on behalf of all other similarly situated individuals, by and through undersigned counsel, brings suit against Defendants American Services, Inc. ("ASI") and American Security of Greenville, LLC ("ASG"), on a collective and class wide basis pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, *et seq*. ("SCPWA" or "South Carolina Act").

## INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7).

2. Plaintiffs, and other current and former similarly situated employees, are hourly paid Security Officers. Due to the Defendants' time keeping policies and procedures, Plaintiffs were deprived of wages for hours actually worked. Specifically, Defendants employed a "rounding" policy whereby time punches were rounded within two minutes of the quarter hour to the Security Officers' detriment.[1] For example, if Plaintiff clocked in between 6:43 and 6:57 his time would be rounded to 6:45. Plaintiff was also required to clock in at least six (6) minutes prior to the start of his shift. Meaning, for his 6:30 shift he would have to be clocked in by 6:24. Because he was not within two minutes of the quarter hour his time would be rounded to 6:30. In a regular four day work week this practice caused Plaintiff to lose a minimum of twenty-four (24) minutes per week, not including other improper time keeping practices.

3. Additionally, Plaintiff and others who were similarly situated were deprived of wages for hours actually worked by the Defendants' policy requiring them to perform pre-shift and post-shift duties while not clocked in including, but not limited to, signing out a radio, getting a battery, loading the battery, and then waiting for the system to load so they record the radio number, and then post-shift doing the reverse.

4. Plaintiff and other similarly situated employees regularly work overtime hours and, in light of the above described improper pay practices, have not been paid time and one-half their regular rate of pay for all overtime hours worked.

5. Plaintiff Guy Morin brings this action individually and on behalf of all other similarly situated current and former non-exempt ASI and ASG Security Officers who were paid an hourly rate and who have been employed by Defendants ("Putative Class Members"), at any time from three years preceding the filing of this action through the final disposition of this matter, and have

---

[1] Defendant may have changed their rounding practice towards the end of 2019. However, discovery in this matter will uncover whether the policy actually changed or whether it has continued as of the date of this filing.

timely filed consent forms to join this collective action. These class members should be informed of the pendency of this action and apprised of their rights.

## PARTIES

6. Plaintiff Morin is an individual residing in Greer, Greenville County, South Carolina and worked for Defendants in Greenville, Greenville County, South Carolina within the relevant three-year period.

7. The Putative Class Members include each Defendants' respective non-exempt Security Officers (including Sergeants and Lieutenants) who performed the same or similar work as Plaintiff and were subjected to the same or similar payment policies as Plaintiff at any time from three years preceding the filing of this action through the final disposition of this matter.

8. Defendant ASI is a for-profit corporation organized under the laws of the State of South Carolina. Defendant ASI is a covered employer under the FLSA and acted as such in relation to Plaintiff Morin and the Putative Class Members it employed.

9. Defendant ASG is a for-profit corporation organized under the laws of the State of South Carolina. Defendant ASG is a covered employer under the FLSA and acted as such in relation to Plaintiff Morin and the Putative Class Members it employed.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201-19.

11. This Court has supplemental jurisdiction over the additional South Carolina Act claim pursuant to 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over Defendants because ASI and ASG are South Carolina corporations.

13. Venue is proper in the District of South Carolina because this is a judicial district where a substantial part of the events or omissions giving rise to the claims occurred.

14. Specifically, ASI and ASG have maintained a working presence throughout South Carolina.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

16. At all material times, Defendants have been employers within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

17. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because they have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18. At all material times, Plaintiff and the Putative Class Members are (or were) employees who engaged in commerce or in the production of goods for commerce as to their respective employment with ASI, ASG, or both as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

19. At all material times, Defendants each have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.00.

20. During Plaintiff's employment with Defendants, Defendants each employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as security devices (like radios and radio batteries) and other items used to run the business.

21. Therefore, at all material times relevant to this action, Defendants each constituted an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

## WAGE VIOLATIONS

22. Defendants' common compensation policy violated and continues to violate the FLSA by failing to pay their respective employees, including Plaintiff and the Putative Class Members, time and one-half for all time worked in excess of 40 hours per workweek.

23. Defendants' wage violations include improper rounding in violation of 29 C.F.R. § 785.48(b) in that Defendants' rounding practices result, over a period of time, in failing to compensate employees, including Plaintiff and the Putative Class Members, properly for all the time they have actually worked. Defendants would only round "up" in Security Officer's favor if they were within two minutes of the quarter hour.

24. Defendants also violated and continue to violate the FLSA by requiring its respective employees, including Plaintiff and the Putative Class Members, to perform significant pre-shift and post-shift work duties off the clock—that is, work without pay. Such conduct also constitutes a violation of the South Carolina Act.

25. At all times relevant to this action, Defendants failed to comply with the FLSA and the South Carolina Act because Defendants made no provision to properly pay their respective employees, including Plaintiff and the Putative Class Members, for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this action as a collective action on behalf of a class of individuals similarly situated. Specifically, Plaintiff brings these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notices to potential opt-in individuals who are or were employed by Defendants as Security Officers (including Sergeants and Lieutenants) within three (3) years prior to the commencement of this lawsuit (the "FLSA Class").

27. Potential opt-in members of the collective action are similarly situated to Plaintiff. They all held the same/similar job positions and had substantially similar job requirements and pay provisions with Defendants. They are or were subject to the same common practices, policies, and plans of Defendant. They all suffered damages in the nature of lost overtime and other wages resulting from the wrongful conduct of their respective employer-Defendant.

## SOUTH CAROLINA CLASS ACTION ALLEGATIONS

28. Plaintiff Morin brings the Second Cause of Action, the South Carolina Act claims, as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated current and former individuals employed by Defendants as Security Officers (including Sergeants and Lieutenants) within three (3) years prior to the commencement of this lawsuit. ("SC Rule 23 Class").

29. Upon information and belief, this action satisfies the requirements of Rule 23(a), FED. R. CIV. P., as alleged in the following particulars:

   a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable, and the disposition of their claims as a class will benefit the parties and the Court;

   b. There are questions of law and/or facts common to the members of the proposed Plaintiff class;

   c. The claims of Plaintiff, the representatives of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and

   d. Plaintiff Morin, the representative of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

30. In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the

members of the proposed Plaintiff class predominate over any questions affecting only individual members.

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual SC Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual SC Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual SC Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual SC Rule 23 Class Members, establishing incompatible standards of conduct for Defendant and resulting in impairment of the SC Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

32. Upon information and belief, Defendants violated and continue to violate the South Carolina Act. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

33.     This action against Defendants is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## ADDITIONAL FACTS

34.     Defendants provide security services to residential and commercial clients in South Carolina, Kentucky, Virginia, Tennessee, North Carolina, Georgia and Alabama. *See* http://www.american-services-inc.com/coverage-redirect.php.

35.     Defendants' Security Officers, including Plaintiff and the Putative Class Members, all performed said security services for Defendants' customers throughout the South East United States.

36.     Defendants' Security Officers are all non-exempt employees under the FLSA.

37.     Plaintiff Morin has been employed as a non-exempt Security Officer in Greenville, Greenville County, South Carolina from around May 2019 through present.

38.     Plaintiff Morin was paid an hourly rate for his services.

39.     Plaintiff Morin did not receive the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

40.     The Putative Class Members are (or were) non-exempt Security Officers for Defendants for the 3-year period preceding the filing of this complaint through the final disposition of this matter.

41.     None of the FLSA exemptions relieving a covered employer of the statutory duty to pay employees overtime at one and one-half times the regular rate of pay apply to Defendants, Plaintiff or the Putative Class Members.

42. Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in FLSA violations.

43. Plaintiff and the Putative Class Members were (and are) required to work overtime hours when requested by Defendants.

44. Plaintiff and the Putative Class Members regularly worked (or work) over forty (40) hours in a workweek as Security Officers.

45. Defendants' illegal rounding practice resulted in Plaintiff and the Putative Class Members not being compensated time and one-half their hourly rate for all overtime hours worked.

46. Plaintiff and the Putative Class were also required to perform necessary and integral work for Defendant while not clocked in, or otherwise off the clock.

47. The off the clock work usually occurred pre and post-shift.

**COUNT I – RECOVERY OF OVERTIME COMPENSATION (29 U.S.C. § 207)**

48. Plaintiff and the Putative Class Members incorporate by reference paragraphs 1-47 as though fully and completely set forth herein.

49. Defendants' practice of failing to pay their respective employees-Plaintiff and Putative Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

50. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff and the Putative Class Members.

51. Defendants failed to keep adequate records of their respective employees-Plaintiff and Putative Class Members' work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

52. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a. The time of day and day of week on which the employees' work week begins;

   b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

   c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

   d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

   e. The hours worked each workday and total hours worked each workweek;

   f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

   g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

   h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

   i. The dates, amounts, and nature of the items which make up the total additions and deductions;

   j. The total wages paid each pay period; and

   k. The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

53. Defendants have not complied with the federal law and have failed to maintain such records as to their respective employees-Plaintiff and Putative Class Members. Because Defendants'

records are inaccurate and/or inadequate, Plaintiff and the Putative Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

54. Defendants' failure to properly compensate their respective employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendants' common payment policy or practice that applies to all similarly- situated employees.

55. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation correctly with as to their respective employees-Plaintiff and Putative Class Members.

56. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

57. Accordingly, Plaintiff and the Putative Class Members bring this cause of action under section 216(b) of the FLSA, which allows them to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

58. Plaintiff and the Putative Class Members contend that Defendants' conduct in violating the FLSA is willful. Accordingly, Plaintiff and the Putative Class Members seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

59. Due to the willful nature of Defendants' conduct, Plaintiff and the Putative Class Members seek to recover, as liquidated damages, an amount equal to unpaid overtime wages for the 3-year period preceding the filing of this complaint through the final disposition of this matter—that is, the same period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

60. Plaintiff and the Putative Class Members also seek to recover their reasonable attorneys' fees and costs. 29 U.S.C. § 216(b).

61. Plaintiff and the Putative Class Members further request a trial by jury on all issues triable.

### COUNT II – VIOLATION OF SOUTH CAROLINA PAYMENT OF WAGES ACT
### (S.C. Code 41-10-10, *et. seq.*)

62. Plaintiff and the Putative Class Members incorporate by reference paragraphs 1-47 as though fully and completely set forth herein.

63. At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff Morin and each of the South Carolina Class members within the meaning of the South Carolina Payment of Wages Act, S.C. CODE ANN. §§ 41-10-10 to 110. Plaintiff and the SC Rule 23 Class members are "employees" within the meaning of the South Carolina Act and are not free from the control and direction of Defendants.

64. Defendants are "employers" as defined by the South Carolina Act, S.C. CODE ANN. § 41-10-10(1), because they employ individuals in the State of South Carolina.

65. Pursuant to S.C. CODE ANN. § 41-10-40(C), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law."

66. "Wages" means "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis." S.C. CODE ANN. § 41-10-10(2).

67. Defendants did not pay Plaintiff and the SC Rule 23 Class members all wages due to them.

68. Accordingly, Plaintiff and the members of the SC Rule 23 Class are entitled to receive all compensation of "wages" due and owing to them.

69. Defendants willfully failed to pay Plaintiff and the members of the SC Rule 23 Class "wages" as defined in section 41-10-10(2) of the South Carolina Act for all work performed, according to the law.

70. Defendants have withheld wages of Plaintiff and the members of the SC Rule 23 Class without providing advance notice of such amounts and absent any lawfully sufficient reason for such conduct.

71. As a direct and proximate result of Defendants' willful conduct, Plaintiff and the members of the SC Rule 23 Class have suffered substantial losses and have been deprived of compensation to which they are entitled, including monetary damages in the amount of three (3) times the amount of their unpaid wages as well as costs and reasonable attorneys' fees pursuant to S.C. CODE ANN. § 41-10-80 of the South Carolina Act.

72. Plaintiff and the members of the SC Rule 23 Class further request a trial by jury on all issues triable.

## **PRAYER FOR RELIEF**

Plaintiff Morin, on behalf of all other similarly situated persons, respectfully request that this Court enter judgment against the Defendant:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Putative Class Members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For a declaratory judgment that Defendants have willfully and in bad faith violated the overtime wage provisions of the FLSA, and has deprived Plaintiff and the Putative Class Members of their rights to such compensation;

d. For an Order requiring Defendants to provide a complete and accurate accounting of all overtime wages to which Plaintiff and all Putative Class Members;

e. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

f. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

g. For an Order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act suffered by the SC Rule 23 Class;

h. For an award of monetary damages to Plaintiff and the members of the SC Rule 23 Class in the form of back pay for all unpaid wages due, together with treble damages pursuant to the South Carolina Payment of Wages Act;

i. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

j. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

k. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

l. For an Order awarding Plaintiff a service award as permitted by law;

m. For an Order granting such other and further relief as may be necessary and appropriate.

Date: September 14, 2020                    Respectfully submitted by:


**LE CLERCQ LAW FIRM, P.C.**

By: /s/ *Ben Whaley Le Clercq*
**Ben Whaley Le Clercq, Esq.**
Fed. Bar # 7453
708 S. Shelmore Suite 202
Mt. Pleasant, SC  29464
(843) 722-3523
Ben@leclercqlaw.com

And

**MORGAN & MORGAN, P.A**.

**C. Ryan Morgan, Esq. (*pro hac vice forthcoming*)**
FBN 0015527
**Jolie N. Pavlos, Esq. (*pro hac vice forthcoming*)**
FBN 0125571
N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979

Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: rmorgan@forthepeople.com
jpavlos@forthepeople.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**